UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ELIA RIVERA HIPOLITO,                                                      Petitioner,

v.                                                      Civil Action No. 4:26-cv-123-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                                Respondents.

* * * * *

## MEMORANDUM AND ORDER

Elia Rivera Hipolito, a noncitizen resident of Indiana currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending her removal proceedings.  She alleges that her detention by immigration authorities violates the Immigration and Nationality Act and Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 3), and they have submitted briefing setting out their respective legal arguments (D.N. 7; D.N. 8).  After careful consideration, the Court will grant Rivera Hipolito's petition for the reasons explained below.

**I.**

Rivera Hipolito is a native and citizen of Mexico.  (D.N. 1, PageID.17 ¶ 63; D.N. 7-2, PageID.69)  She entered the United States without inspection on an "unknown date."[1]  (D.N. 7-1, PageID.65)  On February 20, 2026, Indiana law enforcement arrested Rivera Hipolito "for Domestic Violence in the presence of a child under 14."[2]  (D.N. 7-2, PageID.70)  U.S. Immigration and Customs Enforcement (ICE) authorities detained Rivera Hipolito on February 24, 2026, and

---

[1] The petition states that Rivera Hipolito "has resided in the [United States] since at least 2006." (D.N. 1, PageID.17 ¶ 64)
[2] The petition states that Rivera Hipolito was detained "after she sought help from local law enforcement as the victim of a domestic battery."  (D.N. 1, PageID.1 ¶ 1)

1

issued an administrative arrest warrant the next day authorizing her detention under 8 U.S.C. § 1226.[3]  (*Id.*, PageID.69; *see* D.N. 7-3, PageID.72)  On February 25, 2026, Rivera Hipolito was placed in removal proceedings via a Notice to Appear, which charged her as "an alien present in the United States who has not been admitted or paroled." (D.N. 7-1, PageID.65)  Rivera Hipolito remains detained at the Grayson County Detention Center.   (D.N. 1-1, PageID.26;  D.N. 7, PageID.50–51)

Rivera Hipolito seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, Acting Director of ICE Todd Lyons, the Department of Homeland Security Secretary, and U.S. Attorney General Pamela Bondi.  (D.N. 1, PageID.8 ¶¶ 27–31)  Rivera Hipolito alleges that her detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; a class-action judgment from the Central District of California of which she claims to be a member; and due process under the Fifth Amendment. (*See id.*, PageID.17–23 ¶¶ 68–71, 75–87; *id.*, PageID.15–16 ¶¶ 53–57)  Rivera Hipolito asks the Court to order her immediate release or, in the alternative, a bond hearing.  (*See id.*, PageID.23; *id.*, PageID.21 ¶ 84)  Respondents argue that (1) Rivera Hipolito is properly detained under § 1225(b)(2) as an applicant for admission who is seeking admission; (2) the class-action judgment is neither applicable nor binding here; (3) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; (4) Rivera Hipolito's detention does not violate due process because she "was afforded all the process [s]he was due" under § 1225; and (5) Rivera Hipolito's "remedy is detention," rather than immediate

---

[3] The warrant cited section 236 of the Immigration and Nationality Act (D.N. 7-3, PageID.72), which is codified at 8 U.S.C. § 1226.  *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *1 n.1 (W.D. Ky. Sep. 19, 2025).

release, "until a bond proceeding is adjudicated."[4] (*See* D.N. 7, PageID.51–63; D.N. 7-4, PageID.106, 108)

**II.**

**A.      Immigration and Nationality Act**

Rivera Hipolito asserts that § 1225(b)(2) "does not apply to [her]" because she "entered the [United States] approximately twenty . . . years before she was apprehended." (D.N. 1, PageID.17 ¶ 62)  Respondents argue that § 1225(b)(2) governs Rivera Hipolito's detention, incorporating by reference arguments from the appellants' brief in *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025). (*See generally* D.N. 7-4)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025).  The Court thus summarizes and incorporates by reference its reasoning and determination from that decision.  There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," *id.* at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he resided in the United States at the time of his arrest.  *See id.* at *5, *7. Likewise, Rivera Hipolito is an applicant for admission because she is an "alien present in the United States who has not been admitted," § 1225(a)(1) (*see* D.N. 7-1, PageID.65), but she is not "seeking admission" under § 1225(b)(2)(A) because she resided in the United States when she was

---

[4] Respondents do not contest that the Court has jurisdiction to review Rivera Hipolito's petition (*see* D.N. 7-4, PageID.90). *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Rivera Hipolito must exhaust administrative remedies. (D.N. 7-4, PageID.104 n.4)  Therefore, the Court will not address these issues.

3

arrested (*see* D.N. 7-2, PageID.69–70). *See Alonso*, 2025 WL 3083920, at *6. "[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. Oct. 6, 2025). Rivera Hipolito was arrested in the interior of the United States (D.N. 7-2, PageID.69–70) and thus does not fall within that category. *See Alonso*, 2025 WL 3083920, at *6.

Respondents additionally argue that their position "does not render Section 1226(c) superfluous." (D.N. 7-4, PageID.124) They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect." (*Id.*, PageID.123) As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'" 2025 WL 3083920 at *6 (quoting § 1226(c)(1)(E)(ii)). "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025) (citation omitted). Thus, despite overlap between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely

on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is supported by the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 7-4, PageID.130–32) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 7-4, PageID.132) Whether Respondents' position is consistent with *Jennings* is thus not dispositive here. In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." 583 U.S. at 303. The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]." *Id.* at 289 (emphasis added). Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

In accordance with its prior decisions addressing the same issue, the Court concludes that Rivera Hipolito is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing. *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *5 (W.D. Ky. Nov. 26, 2025); *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *8.

5

## B.      Class-Action Judgment

Rivera Hipolito asserts that the Court should grant her petition on the ground that she is a member of a class certified in the Central District of California eligible for nationwide, declaratory relief against mandatory detention.  (*See* D.N. 1, PageID.15–17 ¶¶ 53–61)  Respondents argue that the class action is neither applicable nor binding here on several grounds.  (*See* D.N. 7, PageID.53–61)

> Recently, final judgment was entered for a class defined as
>
> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982, at *1 (C.D. Cal. Dec. 18, 2025), *appeal filed*, No. 25-7958 (9th Cir. Dec. 19, 2025).  The final judgment "(1) declared that the Department of Homeland Security['s] . . . new policy of deeming noncitizens arrested in the United States and charged with being inadmissible as 'applicant[s] for admission' subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) conflicted with the text of the Immigration [and] Nationality Act . . . and (2) vacated that policy under the Administrative Procedure Act." *Ore Falcon v. Wofford*, No. 1:26-cv-00181-WBS-EFB, 2026 WL 171927, at *1 (E.D. Cal. Jan. 22, 2026); *see Bautista*, 2025 WL 3713982, at *3–4.  This Court and others have found it "'not necessary . . . to adopt the position of the Central District of California' and have instead reviewed habeas petitions 'on the[ir] independent merits.'"  *Coronel-Hernandez v. Woosley*, No. 4:26-cv-20-DJH, 2026 WL 227011, at *4 (W.D. Ky. Jan. 28, 2026) (omission and alteration in original) (quoting *Rodriguez v. Noem*, No. 4:25-cv-176-RGJ, 2026 WL 116412, at *9 n.8 (W.D. Ky. Jan. 15, 2026)); *e.g.*, *Meza v. Lewis*, No. 4:25-cv-171-RGJ, 2026 WL 92102, at *10 n.8 (W.D. Ky. Jan.

6

13, 2026) (taking the same approach).  Accordingly, the Court will "'rest[] its decision' on the merits of" the habeas petition here.  *Coronel-Hernandez*, 2026 WL 227011, at *4 (alteration in original) (quoting *Rodriguez*, 2026 WL 116412, at *9 n.8).

**C.    Due Process**

Rivera Hipolito asserts that her detention without a bond hearing violates due process under the Fifth Amendment.    (*See* D.N. 1, PageID.18–23 ¶¶ 75–87)    Respondents argue that "Section 1225(b)(2) does not afford [Rivera Hipolito] the ability to obtain release on bond, and so the Due Process Clause does not either."  (D.N. 7-4, PageID.133)  Because Rivera Hipolito is detained under § 1226(a), not § 1225(b)(2), Respondents' argument as to the due process required by § 1225(b)(2) is futile.  *Singh*, 2025 WL 3298080, at *5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings.  *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted).  To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera*, 2025 WL 2690565, at *6).  Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Rivera Hipolito "has a significant private interest in not being detained."  *Id.*; *see Singh*, 2025 WL 3298080, at *6;

7

*Alonso*, 2025 WL 3083920, at *9.  Moreover, "the risk of erroneously depriving [Rivera Hipolito] of [her] freedom is high if the [immigration judge] fails to assess [her] risk of flight and dangerousness."  *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings."  *Barrera*, 2025 WL 2690565, at *7 (citation omitted).  But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here."  *Hyppolite*, 808 F. Supp. 3d at 493.  Thus, because all three *Mathews* factors weigh in Rivera Hipolito's favor, the Court concludes that her detention violates due process.  *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

**D.    Release as a Remedy**

Respondents additionally argue that instead of immediate release, "[Rivera Hipolito's] remedy is detention until a bond proceeding is adjudicated." (D.N. 7, PageID.62)  Respondents contend that "§ 1226 does not provide for immediate release." (*Id.*)  Rivera Hipolito maintains that she should be immediately released. (*See generally* D.N. 8)  The Court previously rejected an argument similar to Respondents' and has ordered release of petitioners whose detention without a bond hearing violates due process.  *See Singh*, 2025 WL 3298080, at *6; *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *4–5 (W.D. Ky. Nov. 20, 2025).  Indeed, "[h]abeas has traditionally been a means to secure *release* from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020).  Accordingly, the Court will order Rivera Hipolito's release.

8

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Rivera Hipolito's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Rivera Hipolito, and, in the event she is arrested and re-detained, provide her with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **March 20, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

March 18, 2026

David J. Hale, Chief Judge
United States District Court